# EXHIBIT C

Exhibit C

Case 4:19-cv-03928   Document 1-3   Filed on 10/09/19 in TXSD   Page 2 of 17

8/23/2019 9:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36248545
By: C Ougrah
Filed: 8/23/2019 9:56 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JUANA SOLIS,<br>*Plaintiff* | § § § § § § § § | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS<br><br>_____ JUDICIAL DISTRICT<br><br>**JURY TRIAL DEMANDED** |
| v. | | |
| ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY<br>*Defendant* | | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Juana Solis ("Plaintiff") and files this Original Petition against Allstate Vehicle and Property Insurance Company ("Defendant") and, in support of thereof, would respectfully show the Court the following:

### I.   DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1. Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2. Plaintiff seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(1). Further, Plaintiff specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs. Removal would be improper because there is no federal question. Plaintiff has not asserted any claims arising under the Constitution, treaties or laws of the United States of America. 28 U.S. Code § 1331. Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

## II.   CONDITIONS PRECEDENT

3.   Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III.   PARTIES, JURISDICTION AND VENUE

### A.   PARTIES

4.   Plaintiff Juana Solis is a Texas resident, who resides in 6399 CR 602, Dayton, Liberty County, TX.

5.   Defendant Allstate Vehicle and Property Insurance Company is an insurance company doing business in the State of Texas, which may be served through CT Corporation System at 1999 Bryan St. Ste 900, Dallas, TX 75201-3140.

### B.   JURISDICTION

6.   The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7.   The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas.   This activity was not the unilateral activity of another party or a third person.

8. Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9. The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

**C.   VENUE**

10. Venue is proper in Liberty County because all or a substantial part of the events or omissions giving rise to the claim occurred in Liberty County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l). The property subject to this dispute and which is owned by Plaintiff is located in Liberty County. The insurance policy insuring the property was executed in Liberty County. The damage to the property resulted from an event or occurrence in Liberty County. The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Liberty County.

## IV. FACTUAL BACKGROUND

11. Juana Solis is a named insured under a property insurance policy issued by Allstate Vehicle and Property Insurance Company. The policy number is ***1355.

12. Hurricane Harvey caused major wind damage to thousands of homes in the Southeast Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidenced in this claim.. Thereafter, Plaintiff's subsequently filed a claim on her insurance policy.

13. Defendant improperly denied and/or underpaid the claim.

14. Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15. Specifically, On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Liberty County. This resulted in roof, interior and exterior damage to Plaintiff's home. Specifically, the storm lifted and cracked shingles on the roof, allowing water to enter into the home, leaving water stains in various parts of the home. The severe damage created visible holes in the roof. Furthermore, there was also severe water damage to the wooden panels on the side of the home. Thereafter, Plaintiff filed a claim on her insurance policy.

16. Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V. CAUSES OF ACTION AND ATTORNEY'S FEES

17. Plaintiff incorporates the foregoing for all purposes.

**A. BREACH OF CONTRACT**

18.     Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.      PROMPT PAYMENT OF CLAIMS STATUTE**

19.     Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542. 051 *et seq.* of the Texas Insurance Code.

20.     In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.      BAD FAITH**

21.     Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22.     Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation:

   1. Making statements misrepresenting the terms and/or benefits of the policy.

23.     Defendant also violated Section 541.060 by, without limitation:

   1. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

3. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

4. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

5. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by, without limitation:

   1. Making an untrue statement of material fact;

   2. Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   3. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   4. Making a material misstatement of law; and/or

   5. Failing to disclose a matter required by law to be disclosed.

25. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D. ATTORNEYS' FEES**

26. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff

presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.   TEX. R. CIV. P. 193.7 NOTICE.

29. Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VIII.   JURY DEMAND

30. Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## IX.   PRAYER

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

T{HE} B{UZBEE} L{AW} F{IRM}

By: /s/ Anthony G.Buzbee
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: /s/ Stephen R. Walker
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**

8/23/2019 9:56:26 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36248545
By: Ougrah, Chancesas
Filed: 8/23/2019 9:56:26 PM

# Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: **PLAINTIFF'S ORIGINAL PETITION**

FILE DATE: August 23, 2019   Month/Day/Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Address of Service: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, TX 75201-3140

Agent (if applicable): CT CORPORATION SERVICES

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias        Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post-Judgment Service)

**SERVICE BY** (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk
- [ ] E-Issuance by District Clerk (No Service Copy Fees Charged)

Note: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [x] CIVIL PROCESS SERVER - Authorized Person to Pick-up: COURT RECORD   Phone: 713227335
- [ ] OTHER, explain _____

Issuance of Service Requested By: Attorney/Party Name: Christopher Leavitt   Bar # or ID  24053318

Mailing Address: 600 Travis, Ste 7300, Houston, TX 77002

Phone Number: 713-223-5393



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651, Houston, Texas 77210-4651 | 832-927-5800
www.hcdistrictclerk.com

## Civil Process Pick-Up Form

CAUSE NUMBER: 2019-59465

ATY _____   CIV X   COURT 165th

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Leavitt, Christopher   PH: 713-223-5393

*CIVIL PROCESS SERVER: CRR   BOX: 107

*PH: 713-227-3353

*PERSON NOTIFIED SVC READY: _____

Type of Service Document: CITR   Tracking Number: 73604067
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____

Process papers prepared by: **Chancesas Ougrah**

Date: 8-28-2019    30 days waiting 9-28-2019

*Process papers released to: _____
(PRINT NAME)

227-3353
*(CONTACT NUMBER)   (SIGNATURE)

*Process papers released by: **Iris Collins**
(PRINT NAME)
**Iris Collins**
(SIGNATURE)

*Date: 8/1-9, 2019   Time: 9   AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.   Revised 12-15-2014

9/12/2019 1:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36755829
By: Mercedes Ramey
Filed: 9/12/2019 1:30 PM

CAUSE NO. 201959465

RECEIPT NO.                          0.00      CIV
            *********                TR # 73664067

PLAINTIFF: SOLIS, JUANA
            vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The   165th
Judicial District Court
of Harris County, Texas
165TH DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED
    THROUGH CT CORPORATION SYSTEM
    1999  BRYAN ST STE 900   DALLAS   TX   75201 - 3140
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>23rd day of August, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 28th day of August, 2019, under my hand and seal of said Court.

<u>Issued at request of:</u>
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX   77002
Tel: (713) 223-5393
<u>Bar No.</u>:   24053318

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: OUGRAH, CHANCESAS   8D9//11310957

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.
Executed at (address) _____ in
_____ County at _____ o'clock ___.M., on the _____ day of _____,
_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                          _____

                                          _____ of _____ County, Texas

                                          By _____
_____                        Deputy
          Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn

CAUSE NUMBER: 2019-59465

| | |
|---|---|
| JUANA SOLIS<br>PLAINTIFF<br><br>VS.<br><br>ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY<br>DEFENDANT | IN THE 165TH JUDICIAL DISTRICT<br>COURT OF HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday September 03, 2019 AT 12:05 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED THROUGH CT CORPORATION SYSTEM**.

On **Tuesday September 10, 2019** at **12:00 PM** - The above named documents were hand delivered to: **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED THROUGH CT CORPORATION SYSTEM @ 1999 BRYAN ST., STE. 900, DALLAS, TX 75201**, **in Person.** by delivery to Kim Hightower, Designated Agent.

**FURTHER AFFIANT SAYETH NOT.**

_[signature]_

**D'ANN WATHEN**
**PSC#6622 EXP 06/30/21**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this ___ day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

_[notary seal: CHRISTOPHER S WATHEN, Notary Public, State of Texas, Comm. Expires 04-15-2023, Notary ID 10486976]_

_[signature]_

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**

2019.09.407562

Case 4:19-cv-03928   Document 1-3   Filed on 10/09/19 in TXSD   Page 14 of 17

10/2/2019 9:13 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37303644
By: Lisa Thomas
Filed: 10/2/2019 9:13 AM

CAUSE NO. 201959465

| | |
|---|---|
| JUANA SOLIS,<br>    Plaintiff | IN THE DISTRICT COURT |
| v. | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | 165TH JUDICIAL DISTRICT |
|     Defendant | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### SPECIFIC DENIALS

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this

Solis vs. Allstate
Defendant's Original Answer and Request for Disclosure
0502469455.1

Page **1** of **4**

lawsuit.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

**III.**

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

**IV.**

Defendant, formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

**V.**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

    Respectfully submitted,

    SUSAN L. FLORENCE & ASSOCIATES

    **KIMBERLY BLUM**
    TBN: 24092148

    811 Louisiana St Ste 2400
    Houston, TX 77002-1401
    HoustonLegal@allstate.com
    (713) 336-2812
    (877) 684-4165 (fax)

    ATTORNEY FOR DEFENDANT
    ALLSTATE VEHICLE AND PROPERTY
    INSURANCE COMPANY

Unofficial Copy Office of Marilyn Burgess District Clerk

Solis vs. Allstate
Defendant's Original Answer and Request for Disclosure
0502469455.1

Page **3** of **4**

## **CERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 2nd day of October, 2019, to:

Anthony G. Buzbee
State Bar No. 24001820
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002

AND

Stephen R. Walker
State Bar No. 24001820
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011

ATTORNEYS FOR PLAINTIFF                *VIA E-SERVE*

**KIMBERLY BLUM**

Solis vs. Allstate
Defendant's Original Answer and Request for Disclosure
0502469455.1

Page **4** of **4**